# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.: 10-cv-01749- RPM

Bruce C. McDonald, an individual,

    Plaintiff,

v.

ONEWEST BANK, F.S.B.;
John and Jane Does, 1-100 inclusive;
ABC CORPORATIONS, entities of unknown form, 1-20, inclusive,

    Defendants.

---

## ORDER OF DISMISSAL
---

    On July 22, 2010, the plaintiff, Bruce C. McDonald, filed a complaint initiating this civil action, seeking damages on claims for violations of the Fair Debt Collections Practices Act, the Racketeer Influence and Corrupt Organization Act and common law fraud under Colorado law and a violation of the Colorado Consumers Protection Act. The defendant One West Bank, F.S.B. filed a motion to dismiss the complaint on November 4, 2010 and the plaintiff filed his response on December 13, 2010. All of the plaintiff's claims arise out of the foreclosure of a deed of trust on property in Crestone, Colorado, to secure a loan originally made by IndyMac Bank, FSB in May, 2003. That bank was closed by the Office Of Thrift Supervision on July 11, 2008. After the Federal Deposit Insurance Corporation took control of the bank's assets, the bank reopened in March 2009 as One West Bank, F.S.B. Mr. McDonald alleges that he continued to make payments until May 2009 when he discontinued payment. The Deed of Trust was foreclosed and the property was obtained by One West Bank on a credit bid on March 4,

2010.  All of the plaintiff's claims now made are based on contentions that the foreclosure was improper.  The defendant asserts that this Court has no jurisdiction under the Rooker-Feldman doctrine because the foreclosure was ordered by the Saguache County District Court in proceedings under C.C.R.P. 120.  The plaintiff seeks to avoid that argument by asserting that he is not challenging the foreclosure order or seeking any relief with respect to the property but is seeking damages under the various theories alleged in his complaint.

The essence of this case is a collateral challenge to the foreclosure proceedings and order authorizing sale.  As this Court must accept the validity of the state court order authorizing sale, the plaintiff's claims are without merit.

To the extent that the claims made under the Fair Debt Collections Practices Act and RICO may be considered independently of the foreclosure order, they are not alleged with sufficient specificity to permit this proceedings to go forward.  There are no other properly pleaded defendants. Accordingly it is

ORDERED that this civil action is dismissed for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6).

DATED: December 27th , 2010.

                                                         BY THE COURT:

                                                         s/Richard P. Matsch
                                                         _____
                                                          Richard P. Matsch, Senior District Judge