IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-01749- RPM

Bruce C. McDonald, an individual,

      Plaintiff,

v.

ONEWEST BANK, F.S.B.;
John and Jane Does, 1-100 inclusive;
ABC CORPORATIONS, entities of unknown form, 1-20, inclusive,

      Defendants.

---

ORDERS DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDERS UNDER
FED.R.CIV.P. 60(b)(1), (3), and (4) AND
FOR AN INDICATIVE RULING UNDER FED.R.CIV.P. 62.1
AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

---

On December 27, 2010, judgment entered in favor of Defendant OneWest Bank, F.S.B.

("OneWest") on this Court's order dismissing the complaint for failure to state a claim pursuant

to Fed.R.Civ.P. 12(b)(6).  Plaintiff Bruce C. McDonald ("McDonald" or "the Plaintiff")

appealed the judgment, and that appeal is pending in the United States Court of Appeals for the

Tenth Circuit.  On August 9, 2011, the Plaintiff  moved pursuant to Fed.R.Civ.P. 60(b), seeking

an order vacating the judgment of dismissal and for an indicative ruling under Fed.R.Civ.P. 62.1.

The Plaintiff also moved pursuant to Fed.R.Civ.P. 15(a)(2) to amend the complaint.

      This action is one of a series of suits arising out of a public trustee foreclosure in

Saguache County, Colorado.  McDonald is the borrower on a promissory note in the principal

amount of $198,000, dated May 27, 2003.  The note was secured by a deed of trust on his

residence, located at 4434 Rarity Court, Crestone, Colorado.  IndyMac Bank, F.S.B. was the

original lender.

In 2008, the Office of Thrift Supervision closed IndyMac and placed it under the control

of the Federal Deposit Insurance Corporation.  The FDIC operated the bank for a period of time

as IndyMac Federal Bank.  OneWest Bank purchased various assets of IndyMac.

In April 2009, McDonald received notice that the servicing of his mortgage loan and the

right to collect payments had been transferred from IndyMac Federal Bank to IndyMac

Mortgage Services, a division of OneWest.  After receiving this notification, McDonald stopped

paying the monthly mortgage payments, disputing OneWest's authority to collect payment.

In August 2009, OneWest initiated a non-judicial foreclosure proceeding through the

Public Trustee of Saguache County, Colorado, pursuant to Colo. Rev. Stat. § 38-38-101 et seq.

On September 10, 2009, McDonald filed a *pro se* complaint against OneWest in the

District Court for Saguache County, Colorado, seeking a preliminary injunction prohibiting the

public trustee foreclosure sale and a hearing to compel OneWest to produce evidence of its

interest in the note and deed of trust.  The state court action initiated by McDonald was

designated Civil Action No. 2009cv41.

On September 11, 2009, OneWest filed a petition  in the District Court of Saguache

County, Colorado, seeking an order pursuant to Colo.R.Civ.P. 120 authorizing the public trustee

sale.  The state court proceeding initiated by OneWest was designated Civil Action No.

2009cv42.

On January 27, 2010, the Saguache County District Court held an evidentiary hearing to address OneWest's authority to exercise the power of sale.  McDonald was represented by counsel at the hearing.  After OneWest produced the original note and deed of trust, the state district court ruled that the public trustee foreclosure sale could proceed.  An Order Authorizing Sale was entered on February 4, 2010, in state court Civil Action No. 2009cv42.  The sale was scheduled for March 4, 2010.

McDonald alleges that on March 1, 2010, he received information through a Freedom of Information request showing that the Federal Home Loan Mortgage Company ("Freddie Mac") owned the note and deed of trust and that OneWest was operating in the capacity of a servicing agent.

The public trustee foreclosure sale occurred on March 4, 2010.  OneWest was the successful bidder at the sale, with a credit bid of $171,002.74, leaving a deficiency of $48,332.82.  OneWest obtained the Certificate of Purchase and assigned it to Freddie Mac for $10.00.  Freddie Mac obtained the public trustee's deed at the end of the statutory redemption period.  In late June, 2010, Freddie Mac initiated a forcible entry and unlawful detainer (FED) action in the Saguache County Court, seeking to evict McDonald from the residence.

On July 22, 2010, McDonald filed this federal action alleging that OneWest obtained the order authorizing the sale by misrepresenting its interest in the note and authority to exercise the power of sale in the deed of trust.  McDonald sought damages against OneWest, claiming (1) violations of RICO, 18 U.S.C. § 1961; (2) an alleged pattern of racketeering activity; (3) violations of the Fair Debt Collection Practices Act; (4) fraud, and (5) violations of the Colorado Consumer Protection Act.  On November 4, 2010, OneWest moved pursuant to

Fed.R.Civ.P. 12(b)(6) for dismissal, arguing that the federal district court lacked jurisdiction under the *Rooker-Feldman* doctrine and the well-pleaded factual allegations failed to state a claim for relief.  McDonald opposed the motion on December 13, 2010.

On December 27, 2010, this Court dismissed McDonald's complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), stating:

> The essence of this case is a collateral challenge to the foreclosure proceedings and order authorizing sale.  As this Court must accept the validity of the state court order authorizing sale, the plaintiff's claims are without merit.
> To the extent that the claims made under the Fair Debt Collection Practices Act and RICO may be considered independently of the foreclosure order, they are not alleged with sufficient specificity to permit this proceedings to go forward. There are no other properly pleaded defendants.

Judgment of dismissal entered on December 27, 2010.  On January 12, 2011, McDonald moved for reconsideration.  That motion was denied by order dated January 14, 2011.  On February 14, 2011, McDonald filed his notice of appeal.

McDonald now seeks relief from the judgment and leave to amend the complaint to add new factual allegations and new claims for relief.

The proposed amended complaint alleges claims of (1) fraud; (2) fraud on the Saguache County District Court; (3) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; (4) violations of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 et seq.; (5) unjust enrichment; (6) intentional infliction of emotional distress, and (7) violation of RICO, 18 U.S.C. § 1961 et seq.  These claims, like those of the original complaint, are premised on allegations that OneWest misrepresented the bank's interest in the note and deed of trust and its authority to exercise the power of sale in the deed of trust.  McDonald alleges that IndyMac sold the note to Freddie Mac before OneWest purchased IndyMac's assets, and Freddie Mac sold the

-4-

note in the secondary mortgage market.  McDonald alleges that the note had not been endorsed to OneWest when it initiated the foreclosure proceeding.  He alleges that OneWest, its counsel and Freddie Mac colluded to hide the fact that OneWest did not own the note and deed of trust. McDonald contends that if Freddie Mac's ownership of the note had been disclosed, then a judicial foreclosure proceeding would have been required, rather than the quicker and less expensive public trustee foreclosure process.  (Pl's mot. #23, at pp. 15-16.)  The proposed amended complaint seeks damages, including damages for emotional distress.

McDonald recognizes that the pending appeal deprives this court of authority to grant his motions and thus seeks an indicative ruling pursuant to Fed.R.Civ.P. 62.1.  That rule provides:

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
>> (1) defer considering the motion;
>>
>> (2) deny the motion; or
>>
>> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> (b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
>
> (c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

McDonald argues that Rules 60(b)(1), (b)(3), (b)(4), (b)(6) and (d)(3) provide grounds for relief from the judgment.[1]

_____

[1]The caption of the motion refers to only Rule 60(b)(1), (b)(3), and (b)(4).  The body of the motion argues that relief should be granted under those subsections and under (b)(6) and (d)(3).

Rule 60(b)(1) provides that the court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect."  McDonald asserts that pleading deficiencies in the original complaint were the result of counsel's excusable mistakes, and he should be allowed to correct them by filing an amended complaint.  In his reply, McDonald explains that the asserted errors were his counsel's failure to file a timely Rule 59 motion and motion for leave to amend.  (Pl.'s reply at 8.)

This argument fails.  Rule 60(b)(1) is not available when the mistake alleged is a party's litigation mistake and the mistake was "the result of a deliberate and counseled decision by the party."  *Cashner v. Freedom Stores, Inc*., 98 F.3d 572, 577 (10th Cir. 1996).  "The kinds of mistakes by a party that may be raised by a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against, such as the party's counsel acting without authority of the party to that party's detriment." *Cashner*, 98 F.3d at 578.  McDonald has been represented by counsel throughout this litigation, and there is no suggestion that Plaintiff's counsel has acted without authority.  Rule 60(b)(1) is not available for the type of litigation mistake asserted here.

McDonald also argues that this court mistakenly found the action was barred by the *Rooker-Feldman* doctrine.  (Pl.'s mot. at 2 & 10-13.)  This argument is untimely.  Substantive mistakes in a district court's rulings may be challenged by a Rule 60(b)(1) motion, however, a motion raising this ground for relief must be filed within the time frame required for the filing of a notice of appeal.  *Cashner*, 98 F.3d at 578.  That is, in this situation, the Tenth Circuit construes the requirement in Rule 60(b)(1) that "the motion shall be filed within a reasonable time" to be "contemporaneous with the time constraints for taking a direct appeal." *Cashner*, 98 F.3d at 578.  Here the judgment entered on December 27, 2010 and McDonald's motion for

-6-

reconsideration was denied on January 14, 2011.  McDonald's Rule 60(b) motion was not filed until August 9, 2011.

Rule 60(b)(3) provides that the court may relieve a party from a final judgment for fraud, misrepresentation, or misconduct by an opposing party.  McDonald argues this court should grant relief from the judgment because the order of dismissal was based on acceptance of the Saguache County District Court's order authorizing the sale, which McDonald alleges was obtained by fraud (i.e., OneWest's alleged misrepresented its interest in the note and deed of trust during the Rule 120 proceedings). (Pl.'s mot. at 2 & 13-15.)  McDonald also asserts that the Saguache County District Court has "vacated" the order that provided the basis for this court's order of dismissal.

Contrary to the Plaintiff's argument, he has not shown that the Saguache County District Court has vacated its order authorizing the sale.  As set forth above, the public trustee foreclosure was completed.  However, McDonald explains that on November 19, 2010, the District Court for Saguache County entered default judgment against OneWest and Freddie Mac in another state court action, designated as Civil Action No. 2010cv6, and quieted titled in favor of McDonald.  The procedural history of that state court action is as follows:

On March 3, 2010 (the day before the foreclosure sale), McDonald filed suit in the District Court for Saguache County, Colorado, again challenging whether OneWest had authority to exercise the power of sale in the deed of trust.  That state court action was designated Civil Action No. 2010cv6.

In response to Freddie Mac's FED complaint, McDonald answered that action and challenged Freddie Mac's title to the property. In September 2010, the Saguache County court stayed the FED proceeding and certified the question of title to the state district court.

In September 2010, McDonald filed an amended complaint in state court Civil Action No. 2010cv6, adding claims against Freddie Mac and challenging Freddie Mac's title to the property. McDonald served the amended complaint in state court Civil Action No. 2010cv6 on OneWest and Freddie Mac by serving their registered agents, who were not located in Colorado. OneWest and Freddie Mac failed to respond to that action within the time limits, and McDonald moved for entry of default. On November 19, 2010, the District Court for Saguache County entered default judgment against OneWest and Freddie Mac and quieted titled in favor of McDonald. These state court proceedings occurred before McDonald responded to OneWest's motion for dismissal of this action under the *Rooker-Feldman* doctrine, and he did not inform this court about them at that time.

McDonald's contention that OneWest procured the state court order of sale by misrepresenting its interest in the note and deed of trust does not provide a basis for vacating this court's order of dismissal. Under the *Rooker-Feldman* doctrine, this court has no jurisdiction to review the propriety of the completed public foreclosure sale. *See Mayhew v. Cherry Creek Mortgage Co.*, 2010 WL 935674 at * 17 (D.Colo. 2010) ("To the extent that [the plaintiff's] claims seek to challenge or reverse the completed state foreclosure action, the *Rooker-Feldman* doctrine acts to bar his claims.")

The default judgment in state court civil action No. 2010cv6 does not provide grounds for vacating this court's order of dismissal. It is not apparent that the proceedings in state court

Civil Action No. 2010cv6 are concluded.  With his reply brief, McDonald submitted a copy of an

order dated October 3, 2011, entered by the Saguache County District Court in Civil Action No.

2010cv6, denying a motion by OneWest and Freddie Mac to set aside the default judgment.

McDonald also submitted a copy of a motion filed by OneWest and Freddie Mac on October 13,

2011, which seeks reconsideration of that order pursuant to Colo.R.Civ.P. 59(a).  In short, the

validity of the title issued through the public trustee sale is the subject of an ongoing state court

action.  Under this circumstance, it is appropriate for the federal court to abstain.  *See Mayhew*,

2010 WL 935674 at *17 ("The *Younger* abstention doctrine applies when there is an ongoing

state court proceeding, the state court provides an adequate forum for determining the claims

asserted in the federal action, and the proceedings involve important state interests which

traditionally look to state law for their resolution or implicate separately articulated state

policies.")

Rule 60(b)(4) provides that the court may relieve a party from a final judgment when the

judgment is void.  McDonald argues that relief should be granted under this subsection, asserting

that "this Court's order of dismissal is void by operation of law as it was procured by the fraud

ONEWEST perpetrated on the State District Court." (Pl.'s mot. at p. 2 & 15.)  The Plaintiff's

argument regarding fraud on the state court has been addressed.

Rule 60(b)(6) provides that the court may relieve a party from a final judgment for "any

other reason that justifies relief."  McDonald asserts that OneWest acted with unclean hands by

misrepresenting its interest in the subject note and deed of trust, and that such fraud provides

grounds for relief under this subsection.  (Pl.'s mot. at 2 & 15-16.)  This argument fails for the

reasons discussed above.

Rule 60(d)(3) provides that Rule 60 does not limit a court's power to "set aside a judgment for fraud on the court." Again McDonald asserts that this Court's order of dismissal was obtained by fraud insofar as this court relied on the allegedly "ill gotten" state court order. (Pl.'s mot. at 3 & 17-20.) That argument has been addressed.

In sum, McDonald has not shown grounds for vacating the judgment. In addition, the proposed amendments to the complaint would be futile. The Plaintiff has never disputed the validity of the note and deed of trust. He admits that he ceased making mortgage payments after April 12, 2009, and there can be no legitimate dispute that a default had occurred under the terms of the note and deed of trust. The emotional distress the Plaintiff suffered from being subjected to a foreclosure process is not actionable. Plaintiff's allegation that OneWest has been unjustly enriched at his expense is without any factual or legal basis. The claims that are repeated from the original complaint (fraud, violations of RICO, the Fair Debt Collection Practices Act, and the Colorado Consumer Protection Act) suffer from the same defects identified in this court's order of dismissal.

Based on the foregoing, it is

ORDERED that Plaintiff's motion for relief from final orders under Fed.R.Civ.P. 60(b)(1), (3),and (4) and for an indicative ruling under Fed.R.Civ.P. 62.1 (#23) is denied; and it is

FURTHER ORDERED that the Plaintiff's motion for leave to amend the complaint (#24) is denied.

Dated:  December 1, 2011

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge